NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE MANUEL NAJERA FUENTES, *Petitioner*.

No. 1 CA-CR 25-0397 PRPC

FILED 05-20-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2014-111793-001
The Honorable Rodney Mitchell, Judge, *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**P A T O N**, Judge:

¶1        Petitioner Jose Manuel Najera Fuentes seeks review of the superior court's order summarily dismissing his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 33.   We have considered the petition for review and, for the following reasons, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2015, Najera Fuentes pled guilty to two counts of attempted sexual assault, class 3 felonies, and one count of kidnapping, a class 2 felony.  The superior court sentenced him to seven years' imprisonment for the kidnapping and placed him on lifetime supervised probation for the attempted sexual assault counts.  Najera Fuentes was released from prison in 2020.  In 2024, the State requested a warrant for Najera Fuentes' arrest and petitioned to revoke his probation.  He was arrested on January 30, 2025, and held on a $5,000 secured appearance bond, which he never posted.  On March 7, 2025, Najera Fuentes admitted to violating a term of probation and the court reinstated him on lifetime probation with the condition that he serve twelve months in jail.  *See* A.R.S. § 13-901(F), (G). The court did not award any presentence incarceration credit.

¶3        Najera Fuentes petitioned for PCR, requesting 36 days of presentence incarceration credit for the period from his arrest to disposition.  The State agreed that credit was due.  But the superior court denied the petition, reasoning that Arizona Revised Statutes ("A.R.S.") Section 13-901(G) does not require credit for presentence incarceration served outside a term of reinstatement.

¶4        Najera Fuentes petitioned for review of the superior court's ruling.   We grant review under Article 6, Section 9 of the Arizona Constitution, Section 13-4239(C), and Rule 33.16.

**DISCUSSION**

**¶5**        We review a decision on a petition for PCR for an abuse of discretion. *State v. Anderson*, 257 Ariz. 226, 230, ¶ 13 (2024). We review the superior court's legal conclusions, including its interpretation of statutes and court rules, de novo. *Id.*

**¶6**        Najera Fuentes argues the superior court violated Section 13-901(G) and his right to equal protection by not awarding him presentence incarceration credit for the time he spent in custody in the probation revocation proceeding. This issue may be moot considering that Najera Fuentes began his 12-month jail term on March 7, 2025. But because the issue "threatens to evade review as a result of the relative brevity of the sentences imposed under the statute," we will resolve it. *State v. Sirny*, 160 Ariz. 292, 293 (App. 1989).

**¶7**        A defendant is entitled to credit for time spent in custody pursuant to an offense when a court sentences the defendant to a "term of imprisonment" for that offense. A.R.S. § 13-712(B). A jail term imposed as a condition of probation under Section 13-901(F), and time spent in custody during probation revocation proceedings, are also credited toward a later imposed prison sentence for that offense. *See* A.R.S. § 13-903(F); *State v. Snider*, 172 Ariz. 163, 166 n.3 (App. 1992).

**¶8**        But Najera Fuentes does not argue he is entitled to presentence incarceration credit under Sections 13-712(B) or -903(F). He appears to recognize that courts have drawn a distinction between a mandatory sentence of imprisonment, on the one hand, and jail time as a term of probation, on the other, in the context of applying presentence incarceration credit. *See State v. Nihiser*, 191 Ariz. 199, 204 (App. 1997); *State v. Brodie*, 127 Ariz. 150, 150-51 (App. 1980); *cf. Shifflette v. Marner*, 255 Ariz. 538, 542-43, ¶ 19 (App. 2023) (holding that § 13-712(B) applies to a mandatory jail-time "sentence" under Section 28-1381(K)). Najera Fuentes's argument, rather, is that presentence incarceration credit is required by Section 13-901 and equal protection.

**¶9**        The relevant subsections of Section 13-901 provide:

> F. When granting probation the court may require that the defendant be imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine, within the period of probation, as long as the period actually spent in confinement does not exceed one year

or the maximum period of imprisonment allowed under chapter 7 of this title, whichever is the shorter.

G. If the defendant is placed on lifetime probation and has served one year in the county jail as a term of probation, the court may require that the defendant be additionally imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine, within the period of probation if the defendant's probation is revoked by the court and the defendant is subsequently reinstated on probation. The period actually spent in confinement as a term of being reinstated on probation shall not exceed one year or, when including the initial one-year period of incarceration imposed as a term of probation, the maximum period of imprisonment allowed under chapter 7 of this title, whichever is shorter.

¶10        Najera Fuentes's argument that Section 13-901 required the court to offset his probationary jail term was considered and rejected by *Brodie*, 127 Ariz. at 150-51. As in this case, the defendant in *Brodie* was placed on probation with the condition that he serve one year in jail. *Id.* at 150. The defendant argued he was entitled to presentence incarceration credit on the jail term "as a result of [his] inability to post bond prior to his placement on probation." *Id.* We found no entitlement to credit because neither predecessor statute to Sections 13-901(F) or -903(F) required that "pre-sentence jail time be offset against probationary jail time." *Id.* at 150-51.

¶11        We also rejected a similar argument in *Snider*. 172 Ariz. at 165-66. There, too, the defendant was reinstated to probation with the condition that he serve a year in jail. *Id.* at 165. The defendant contended that unless he received credit for his 72 days in custody prior to disposition, his jail term would exceed the one-year maximum term in Section 13-901(F). *Id.* We rejected that proposition because the maximum probationary jail term set forth in Section 13-901(F) is based only on periods of incarceration "within the period of probation." *Id.* at 166. The same reasoning applies to Najera Fuentes. His 36 days of pre-disposition incarceration were not "within the period of probation" and thus do not affect the calculations in Section 13-901(F) and (G).

¶12        Najera Fuentes did not raise his equal protection argument in the superior court. It is therefore waived on review. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *cf.* Ariz. R. Crim. P. 33.16(c)(2)(B) (requiring

a "statement of issues the [superior] court decided that the defendant is presenting for appellate review").

¶13     But even if we consider Najera Fuentes's entitlement to credit as a matter of equal protection, we find the argument unavailing. Presentence incarceration credit is based on "the equal protection principle that defendants unable to make bail should not serve longer in custody than those financially able to make bail." *State v. Clements*, 161 Ariz. 123, 126 (App. 1989). But equal protection is only implicated if "the statutory maximum is exceeded when the presentence incarceration time is added to the sentence imposed." *State v. Mathieu*, 165 Ariz. 20, 22 (App. 1990); *see also State v. Gray*, 122 Ariz. 445, 449 (1979) ("Even assuming [defendant] was incarcerated for [inability to post bond], we do not believe the court is required to credit the time to the shorter of the two sentences[,] [s]ince [it] was less than the statutory maximum."); *State v. Warde*, 116 Ariz. 598, 600-01 (1977) ("[A] defendant, as a matter of equal protection, must be credited with presentence jail time when such time, if added to the maximum sentence imposed, will exceed the maximum statutory sentence.").

¶14     Najera Fuentes submits he was entitled to credit as a matter of equal protection because his 36 days of custody combined with the one-year jail term exceeded the maximum one-year jail term permitted under Section 13-901(G). But the "statutory maximum" in the context of an equal protection claim refers to the maximum sentence a defendant can receive when sentenced to prison for the offense — not the maximum term of jail time that can be imposed as a condition of probation. *See Mathieu*, 165 Ariz. at 23; *Shifflette*, 255 Ariz. at 543 n.3; *Gray*, 122 Ariz. at 449; *State v. Salinas*, 23 Ariz. App. 232, 234 (1975) (holding the defendant was entitled to credit for 93 days of presentence incarceration because without it, the total time served would exceed the five-year statutory maximum for second-degree burglary); *see also* A.R.S. § 13-901(F), (G) (allowing the court to impose probationary jail time up to the shorter of one year or "the maximum period of imprisonment allowed under chapter 7").

¶15     The statutory maximum was not exceeded here because if the superior court had revoked Najera Fuentes's probation, the court could have imprisoned him for a maximum term of seven years. *See* A.R.S. § 13-702(D). Thus, although the court had discretion to award Najera Fuentes credit on the probationary jail term, it was not required to do so. *See State v. Schumann*, 173 Ariz. 642, 644 (App. 1993) (noting the court has discretion to award presentence incarceration credit against probationary terms of incarceration).

¶16    Najera Fuentes cites *State v. Layman*, 117 Ariz. 509 (App. 1977), and *State v. Brooks*, 161 Ariz. 177 (App. 1989), in support of his argument. But *Layman* and *Brooks* are distinguishable because the court in those cases revoked the defendants' probation and sentenced them to prison and then awarded the defendants presentence incarceration credit. *Layman*, 117 Ariz. at 510-11; *Brooks*, 161 Ariz. at 178-79, 181. Here, the court instead reinstated Najera Fuentes's probation.

## CONCLUSION

¶17    We grant review and deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:         JR